IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CIGNITI TECHNOLOGIES, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-cv-2460-L** |
| § | |
| § | |
| **PRADEEP GOVINSADAMY,** § | |
| **KALYANA RAO KONDA, RAVI** § | |
| **SINDRI, KOTESWARA BIPILLI,** § | |
| **ASHWIN BAKSHI, RAMANATHAN** § | |
| **PONNUSAMY, and QUALIZEAL, INC.,** § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Compel Arbitration ("Motion to Compel") (Doc. 20) and Defendants' Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss) (Doc. 21), both filed on January 10, 2024. On January 11, 2024, the court referred the Motion to Compel and Motion to Dismiss (collectively, "Motions") to Magistrate Judge David Horan for hearing, if necessary, and to submit to the court proposed findings and recommendations for disposition of the Motions (Docs. 23 & 24). The United States Magistrate Judge filed his Findings, Conclusions, and Recommendation ("Report") (Doc. 34) on August 7, 2024, recommending that the court **grant** Defendants' Motion to Compel (Doc. 20) as to Signatory Defendants Govinsadamy, Sindri, Bakshi, and Ponnusamy; **deny** Defendants' Motion to Compel as to remaining Defendants Konda, Bipilli, and QualiZeal; **grant** Defendants' Motion to Dismiss as to Defendants Bipilli, Konda, and QualiZeal; **dismiss without prejudice** claims I-V and VII-IX; **dismiss with prejudice** claim VI against all Defendants; and **allow** Plaintiff Cigniti Technologies, Inc. ("Cigniti" or "Plaintiff") an

Memorandum Opinion and Order – Page 1

opportunity to amend and cure the defects in its pleadings. Plaintiff filed Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on August 28, 2024 (Doc. 37). The court, after considering the Report, Complaint, Motion to Compel, Motion to Dismiss, Objections, record, and applicable law, **concludes** that the findings and conclusions of the magistrate judge are correct, and they are **accepted** as those of the court.

## I.      Factual and Procedural History

Defendants Bakshi, Bipilli, Govinsadamy, Konda, Ponnusamy, and Sindri were employees of Cigniti (Doc. 1). Cigniti is an independent quality engineering and software testing services company. *Id.* Cigniti alleges that Messrs. Govinsadamy and Konda began building a competing business, Qualizeal, while working for Cigniti. *Id.* Cigniti alleges that Messrs. Govinsadamy and Konda recruited Messrs. Ponnusamy, Bakshi, Bipilli, and Sindri to leave Cigniti to work for QualiZeal. *Id.* It also alleges that these Defendants used Cigniti resources to conduct business on behalf of QualiZeal while still employed by Cigniti.

Cigniti brings claims for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 against Defendants, including transmission claims (18 U.S.C. § 1030(a)(5)) against Messrs. Govinsadamy, Konda, Sindri, Bipilli, and Bakshi; unauthorized access-to-cause-damages claims (18 U.S.C. §1030(a)(5)(C)) against Messrs. Konda, Sindri, Bakshi, and Bipilli; unauthorized access to further fraud claims (18 U.S.C. § 1030(a)(4)) against Messrs. Konda, Sindri, Bipilli, and Bakshi, unauthorized access to obtain information claims (18 U.S.C. §1030(a)(2)(C)) against Messrs. Sindri, Bipilli, and Bakshi; and conspiracy to violate the Computer Fraud and Abuse Act claims (18 U.S.C. § 1030(b)) against Messrs. Govinsadamy, Konda, Sindri, Bipilli, and Bakshi. *See id*. at 24-39. Cigniti also brings harmful access to computer

claims (Tex. Civ. Prac. & Rem. Code 143.001) against Messrs. Govinsadamy, Konda, Sindri, Bipilli, Bakshi, and Ponnusamy. *See id*. at 40. Cigniti brings identical copyright infringement claims against QualiZeal and Mr. Govinsadamy. *See id*. at 40-44.

## II.     Magistrate Judge's Report (Doc. 34)

### A.  Motion to Compel Arbitration

#### 1.  Valid Agreement

In support of the Report's recommendations, the magistrate judge determined that Defendants Govinsadamy, Sindri, Bakshi, and Ponnusamy, (collectively, "Signatory Defendants") signed a valid arbitration provision that is part of their Employment Agreement that states:

> Section 8.09 -- Governing Law and Dispute Resolution: This Agreement shall be governed by the laws of the State of Texas. The parties agree that, in the event a dispute arises between them, they will attempt, in good faith, to resolve such dispute in an amicable and equitable manner. The parties further agree that the matter will be decided by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. Either party may apply to the American Arbitration Association to institute the arbitration proceedings which are to be held exclusively in Dallas, Texas. Should either party refuse to submit or participate once a proceeding for arbitration has begun then the filing party may, at their election, choose to file a civil action under the exclusive jurisdiction of Dallas County, Texas, civil court.

Report 11 (quoting Doc. 20 at 3).

The magistrate judge determined that the use of the word "may" in the arbitration provision allows either party to request arbitration and does not make arbitration optional if either party requests it. Report 13. Accordingly, the magistrate judge recommended that the court find that the Employment Agreement contained a valid provision to arbitrate, which "harmonize[s] [the agreement] and give[s] effect to all provisions so that none will be meaningless." Report 14 (citing *Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010)).

### 2. Delegation Clause

Next, the magistrate judge discussed the delegation clause in the Employment Agreement. The magistrate judge found that the language in the Employment Agreement states that "[t]he parties further agree that the matter will be decided by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association." Report 15. Based on this language, the magistrate judge found that it was clear and unmistakable that the parties intended to arbitrate, and Cigniti's argument that arbitration is optional is not persuasive. *Id.* Because of the valid provision to arbitrate and a valid delegation clause, the magistrate judge recommends that the court grant the Motion to Compel Arbitration as to the Signatory Defendants.

### 3. Application of the Delegation Clause and Arbitration Provision to the Non-Signatory Defendants

The magistrate judge rejected Defendants' argument that the Non-Signatory Defendants can enforce the Agreement is a matter delegated to the arbitrator. The magistrate judge cited *Newman v. Plains All American Pipeline, L.P.*, in which the Fifth Circuit explained that it is for the courts, not an arbitrator, to decide whether non-signatories can enforce the arbitration agreement. 23 F.4th 393, 399 (5th Cir. 2022). After establishing authority to decide who can enforce the agreement, the magistrate judge considered whether intertwined claims estoppel permits the Non-Signatory Defendants to enforce the arbitration provision in this case as required by Fifth Circuit precedent. Report 17. Based on precedent, the magistrate judge determined he could not determine the "close relationship" element of the intertwined-claim test, and whether Defendants Bipilli and Konda had a close relationship with the Signatory Defendants.

The magistrate judge determined that it did not appear that Cigniti anticipated needing to arbitrate against the Non-Signatory Defendants and that the allegations against them do not "sound

**Memorandum Opinion and Order – Page 4**

out of the [E]mployment [A]greement containing the arbitration [provson]." Report 20. The magistrate judge held so because Cigniti had not sufficiently alleged a close relationship. *Id* at 19. As to the Non-Signatory Defendants, the magistrate judge found that the court should not compel arbitration as to the claims against QualiZeal, and Messrs. Bipilli and Konda. *Id* at 20.

B. Motion To Dismiss

1. Consideration of Matters Outside the Pleadings

Both Cigniti and Defendants reference Citgniti's Third Amended Petition, filed in state court. Neither party addressed the permissibility of the court considering the Third Amended Petition. As a result, the magistrate judge had to determine whether this petition was to be excluded or whether it could be considered as a motion to dismiss. In its determination, the magistrate judge concluded, "[b]ecause the Court is not impermissibly considering any exhibits outside the pleadings, the Court should not convert the Motion to Dismiss to a Motion for Summary Judgment." Thus, the magistrate judge treated the Motion as a one to dismiss.

2. Claim Splitting

In their Motion to Dismiss, Defendants argue that all claims against them should be dismissed as claim splitting because they are based on the same nucleus of operative fact. Report 23. Claim splitting prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same matter against the same defendants. *General Land Off. v. Biden,* 71 F.4th 264, 270 (5th Cir. 2023). Claim spitting is based on *res judicata* principles and must be determined by applying the "transactional test." *Armadillo Hotel Grp., LLC, v. Harris,* 84 F.4th 623, 628 (5th Cir. 2023). Using the transactional test, the magistrate judge determined whether the claim or cause of action was the same to determine if the claims were being split.

Report 23. The state court claim and the federal claim both arise out of Defendants starting a new company during and after their employment with Cigniti and have some similar factual allegations, but they are not the same.

The magistrate judge found that the allegations here are not the same at their "core" as in state court. The claims in this suit are based on a sufficiently different time, space, origin, and motivation than the claims in state court. Report 25. "The federal case brings detailed allegations around copyrighting and data destruction, while the state case alleges how Defendants breached their employment agreements." Report 26.  Claim-splitting is prohibited so that district courts may manage their dockets without harassing defendants from repetitive litigation. Report 25.  Even if this court determines that there is claim splitting, courts have the discretion to dismiss a case on such a basis. Accordingly, the magistrate judge recommends that the court exercise its discretion and not dismiss the claims based on claim splitting. Report 27.

       3.   <u>Alleging a "Transmission"</u>

In the Motion to Dismiss, Defendants argue that Cigniti does not allege a "transmission" as required by the Computer Fraud and Abuse Act, and therefore, Count I should be dismissed. Section 18 U.S.C. § 1030(a)(5)(A) prohibits knowingly causing the transmission of a program that intentionally damages a protected computer. In its Complaint, Cigniti alleged that Messrs. Bipilli and Konda risked the loss of computer data and erased laptop data, respectively. The magistrate judge found Defendants' argument unpersuasive and determined that, based on the interpretation of "transmission," resetting a computer or reinstalling an operating system could constitute a transmission under 18 U.S.C. § 1030(a)(5)(A). Accordingly, the magistrate judge recommends that Count I against Messrs. Bipilli and Konda not be dismissed. Report 29.

4. <u>Alleging Without Authorization or Exceeds Authorization</u>

In their Motion, Defendants contend that Cigniti fails to state a claim in Counts II-IV. Specifically, they contend that Cigniti failed to allege that they exceeded authorized access or that they accessed Cigniti's computers without authorization. Exceeding authorized access or accessing a computer without authorization is violated when a person circumvents rules regarding access permissions on a computer. Report 30 (citing *hiQ Labs v. LinkedIn Corp.,* 31 F.4th 1180, 1201 (9th Cir. 2022); *see also Van Buren v. United States,* 593 U.S. 374 (2021). Defendants argue that Cigniti's allegations of improper computer use do not fall under the term exceeding authorized access. The magistrate judge concluded that "the allegations of post-termination conduct are sufficient to allege that [Mr. Konda] and [Mr. Bipilli] accessed the computers without authorization at this pleadings stage." Report 31.

The magistrate judge found that Cigniti's allegations are sufficient to state a claim that Defendants accessed the computers without authorization. Report 32. The magistrate judge found that "Cigniti's allegations in its Complaint that the Defendants 'knew that they did not have authorized access to Cigniti's computer systems after they left Cigniti' but still accessed the computer" are sufficient to state a claim. *Id.* The magistrate judge does not explicitly make a recommendation on this claim, but based on the analysis of the arguments, the court will construe this finding as a recommendation to reject Defendants' argument and deny the Motion to Dismiss these claims.

5. <u>Civil Conspiracy</u>

In its Complaint, Cigniti alleges that Defendants Govinsadamy and Konda conspired with Defendants Bipilli, Sindri, and Bakshi to access Cigniti's computer without authorization (Doc.

**Memorandum Opinion and Order – Page 7**

1). Defendants contend that Cigniti did not plead specific allegations to state a claim. The magistrate judge concluded that Cigniti does not set forth sufficient allegations to state a civil conspiracy claim because it does not meet the elements necessary under the CFAA. Simply alleging that Mr. Bipilli and other employees left Cigniti and accessed their laptops post-termination is not enough to show that their actions were a conspiracy to violate the CFAA. Report 34. Accordingly, the magistrate judge recommends that the court dismiss without prejudice the conspiracy claims against Messrs. Bipilli and Konda.

      6.   <u>Damages Under CFAA</u>

Defendants argue that Cigniti fails to state a claim for Counts I-V for violations of the CFAA because it fails to allege damages over the statutory threshold for each alleged act by each Defendant. Section 18 U.S.C. § 1030(c)(4)(A)(i)(I) requires Cigniti to show "loss to 1 or more persons during any 1-year period … aggregating at least $5,000 in value[.]" The magistrate judge found that Cigniti did not properly allege damages for their claims under CFAA.  Further, as it relates to Count IV specifically, Cigniti does not allege any specific amount in Count IV, but it relies on other parts of the Complaint that allege damages over $5,000. The magistrate judge determined that Cigniti, by simply alleging the value of information at $5,000, is not sufficient. Report 41. Accordingly, the magistrate judge recommends that the court dismiss Cigniti's CFAA claims.

      7.   <u>Texas Uniform Trade Secrets Act ("TUTSA")</u>

In their Motion to Dismiss, Defendants argue that Count VI is preempted by the TUTSA claim alleged in Cigniti Technologies, Inc.'s Third Amended Petition ("Third Amended Petition") filed in state court on September 22, 2022. Cigniti disagrees and argues that the claim is not

preempted because it does not relate to confidential information or trade secrets and that the copyright works "were intentionally created for public presentation to Cigniti's existing and potential customers and were appended to Cigniti's complaint without any accompanying request for sealing or confidentially." Doc. 26 at 7. The magistrate judge found Cigniti's argument unpersuasive because the information in question was confidential. The statements in the Complaint allege that Messrs. Govinsadamy and Konda misappropriated Cigniti's confidential and copyrighted works for the benefit of QualiZeal. The magistrate judge concluded that TUTSA preempts Cigniti's HACA claim because it relates to the taking of confidential information. Accordingly, the magistrate judge recommends that the court finds that TUTSA preempts Cigniti's HACA claim.

        8.    <u>Specific Acts of Copyright Infringement</u>

Finally, the magistrate judge addresses Defendants' argument that Cigniti fails to allege facts to plausibly show that they are liable for copyright infringement. Cigniti, in its Complaint, only alleges claims against Mr. Govinsadamy and QualiZeal under copyright infringement. The magistrate judge determined that Cigniti's factual allegations were not enough to suffice that Mr. Konda committed acts of copyright infringement and that sending copyrighted material to Mr. Bipilli's personal e-mail does not sufficiently state a claim of copyright infringement. The magistrate judge recommends that the court dismiss the copyright infringement claims against Messrs. Bipilli and Konda. Report 43.

    **III.**    **Plaintiff's Objections to the Report (Doc. 37)**

Cigniti objects to the Report's recommendation that TUTSA preempts its Harmful Access by Computer Act (HACA) claim because it contends that the HACA claim is not based on

misappropriation of a trade secret. In Plaintiff's Objections, it requests the court to reject the recommendation of the magistrate judge because their Complaint alleges that "Defendants Pradeep, Kalyana, Ravi, Kote, Ashwin, and Ram, at least, accessed Cigniti's computer systems without effective consent to (1) wrongfully solicit current and prospective clients to QualiZeal, Inc., and (2) delete incriminating digital evidence of their wrongdoing," which it contends is different from the misappropriation of trade secrets claim. Pl.'s Obj. 4.

Cigniti contends that Defendants' access to their devices and information goes beyond the destruction of Cigniti's trade secrets and confidential information. It contends that the state court petition did not and could not allege exclusively federal claims of copyright infringement. Cigniti relies on the holding in *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, contending that deletion of potentially incriminating evidence is the type of factual basis that falls outside the scope of TUTSA's preemption provision. No. 1:17-CV-444-RP, 2018 WL 315753, at *4 (W.D. Tex. Jan. 5, 2018); *See also Super Starr Int'l, LLC v. Fresh Tex Produce, LLC,* 531 S.W.3d 829 (Tex. App.—Corpus Christi 2017, no pet.). It believes this case is distinguishable from the cases relied on in the Report and by the Defendants because its claim "may permissibly stand alone and independent of any allegations of trade secret misappropriation." Pl.'s Obj. 6. Cigniti contends that because the factual allegations are independent of the misappropriation of trade secrets and confidential information underlying its HACA claim, it requests the court to reject the magistrate judge's recommendation and deny Defendants' Motion to Dismiss this claim. In the alternative, if the court agrees with the magistrate judge, it requests that the court allow them to replead their HACA claim because the magistrate judge does not state a basis for dismissing it with prejudice.

Cigniti's argument is unpersuasive because, in the Complaint, it alleged several times that Defendants used Cigniti computers to obtain confidential information. The Complaint alleged that "Defendants knowingly accessed Cigniti's computer networks and systems by logging in to their computers, wrongfully soliciting current and prospective clients to QualiZeal, misappropriating Cigniti intellectual property, and deleting incriminating digital evidence . . . ." Pl.'s Compl. ¶ 200. In its Third Amended Petition filed in state court, Cigniti contends that Defendants:

a. Us[ed] their access to Cigniti's trade secret, confidential, and proprietary information to usurp Cigniti's corporate opportunities for their own personal gain and for QualiZeal's gain;
b. Fail[ed] to act in good faith and fair dealing by taking and misappropriating Cigniti's trade secret, confidential, and proprietary information;
c. Disclos[ed] Cigniti's trade secret, confidential, and proprietary information to unauthorized recipients;
d. Fail[ed] to act primarily for the benefit of Cigniti in matters connected with their agency and employment by diverting prospective clients from Cigniti to QualiZeal and/or CloudScaleQA, Cigniti's competitors;
e. Fail[ed] to act primarily for the benefit of Cigniti in matters connected with their agency and employment by attempting to, and actually, transferring clients from Cigniti to QualiZeal and/or CloudScaleQA, Cigniti's competitors;
f. Fail[ed] to act primarily for the benefit of Cigniti in matters connected with their agency and employment by attempting to, and actually, soliciting and diverting employees to QualiZeal and/or CloudScaleQA, Cigniti's competitors; and
g. Fail[ed] to deal openly and to fully disclose to Cigniti information about matters affecting company business, including, for example, their plans to secretly take Cigniti clients, Cigniti prospective clients, and Cigniti trade secret, confidential, and proprietary information.

Doc. 26-1 ¶ 105.

The Texas Uniform Trade Secrets Act "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Tex. Civ. Prac. & Rem. Code § 134A.007(a). TUTSA does not affect contractual or criminal remedies, whether they are or are not based upon misappropriation of trade secrets, nor does it affect civil remedies that are not based upon misappropriation of trade secrets. TUTSA preemption is intended to

prevent inconsistent theories of relief for the same underlying harm when the party's theory is premised on the misappropriation of a trade secret. *See Super Starr Int'l, LLC,* 531 S.W.3d at 829; *see also ScaleFactor, Inc. v. Process Pro Consulting, LLC*, 394 F. Supp. 3d 680, 684 (W.D. Tex. 2019). When an active state HACA claim is based on the same harm or confidential information as a TUTSA claim, the HACA claim is precluded because it is preempted.

This claim, in essence, is the same as the claim filed in this court. The factual allegations relate to the same alleged taking of confidential information filed in state court, which is preempted by TUTSA. Both the Petition and Complaint are based on the misappropriation of trade secrets and confidential information. Accordingly, the court **overrules** Plaintiff's Objections to the Report. Further, the court will not allow Plaintiff to replead because it is clear, based on the allegations in both the Complaint and the Third Amended Petition, that Cigniti is attempting to take "two bites of the apple." This claim is preempted, and allowing Plaintiff to replead would not change the fact that it is preempted.

### IV. Conclusion

Having considered the Report, Complaint, Motion to Compel, Motion to Dismiss, Objections, record, and applicable law, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motion to Compel Arbitration (Doc. 20) as to Signatory Defendants Govinsadamy, Sindri, Bakshi, and Ponnusamy; **denies** Defendants' Motion to Compel Arbitration as to the remaining Defendants Konda, Bipilli, and Qualizeal; **grants** Defendants' Motion to Dismiss (Doc. 21) as to Defendants Bipilli, Konda, and QualiZeal and **dismisses without prejudice** Claims I-V and VII-IX against the remaining Defendants; and **dismisses with prejudice** claim VI against all Defendants. Cigniti shall file an amended pleading **by October 21,**

**2024,** and correct the deficiencies herein identified and those identified by the magistrate judge in the Report. Failure to do so by that date will result in dismissal of these claims with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

    **It is so ordered** this 30th day of September, 2024.

                                                    */s/ Sam A. Lindsay*
                                                    Sam A. Lindsay
                                                    United States District Judge